```
        IN THE UNITED STATES DISTRICT COURT FOR THE
               SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

RAYMOND FLOYD HESS (AIS #209976):

    Plaintiff,                :

vs.                              :    CIVIL ACTION 12-00335-KD-M

STATE OF ALABAMA,                :

    Defendant.                :

## REPORT AND RECOMMENDATION

Plaintiff, a Florida prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint in this Court under 42 U.S.C. § 1983. (Doc. 1). This action has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After consideration of the pleadings, and for the reasons set forth below, it is recommended that this action be dismissed, without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

## I. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing his complaint under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it

1

lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, or the claim seeks to enforce a right that clearly does not exist.[1]  Id. at 327.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557 (second brackets in original).  The court will treat these factual allegations as true.  Iqbal, 556 U.S. at 678.  However, the court

---

[1] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996.  See Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). However, dismissal is now mandatory under § 1915(e)(2)(B).  Id.

will not accept as true "[c]onclusory allegations, unwarranted deductions of facts[,] legal conclusions masquerading as facts," Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004), or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]"  Iqbal, 556 U.S. at 678. Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.  Jones v. Bock, 549 U.S. 199, 215 (2007).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a less stringent standard than those of an attorney.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, a court, does not have "license ... to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  GJR Invs. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009).  Further, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

## II. DISCUSSION

Plaintiff, a convicted sex offender, is currently incarcerated at Blackwater River Correctional Facility in Milton, Florida.  (Doc. 1 at 1, 3).  On May 21, 2012, Plaintiff filed a complaint in this

3

Court under 42 U.S.C. § 1983, challenging Alabama's "law" requiring him to register as a sex offender based on his conviction in Alabama in 1991 for second degree sexual abuse.[2]  (Id. at 4).  According to Plaintiff, when he was convicted of second degree sexual abuse in Alabama in 1991, he was not required to register as a sex offender; however, he was told upon his release from prison in 2002 that he must do so.  (Id. at 4).  Plaintiff alleges that he is now incarcerated in Florida for failing to register as a sex offender, and that the State of Alabama is responsible.[3]  (Id. at 4).  Plaintiff seeks compensatory damages from the State of Alabama for the time that he has "spent in jail or prison."  (Id. at 4, 7).  Assuming Plaintiff's allegations as true, his § 1983 claim is due to be dismissed for two distinct reasons.

---

[2] Plaintiff appears to be referring to the Alabama Community Notification Act which "requires adults convicted of various sex offenses, regardless of the date of their conviction(s), to register with law enforcement officials prior to their release into society, Ala. Code § 15-20-22, and upon a change in their legal residence. Ala. Code § 15-20-23."  Seals v. Alabama, 2011 WL 2462583, *4 (M.D. Ala. 2011) (unpublished).

[3] The allegations in Plaintiff's complaint are extremely sparse. While Plaintiff complains about the Alabama Community Notification Act, he does not allege a constitutional violation or the violation of any right created under federal law.  Therefore, it is unclear whether he is attempting to proceed on the basis of federal question jurisdiction or diversity jurisdiction.  In any event, given that Plaintiff is proceeding *pro se* and that this action is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i)and (ii), the Court will assume, for purposes of this screening, that the facts pleaded are sufficient to invoke the Court's subject matter jurisdiction.

First, Plaintiff names the State of Alabama as the sole defendant in this action.  (Doc. 1 at 5).  The law is well settled that the State of Alabama is immune from suit by virtue of the Eleventh Amendment.[4]  In <u>Alabama v. Pugh</u>, 438 U.S. 781 (1978), the Supreme Court stated:

> There can be no doubt, however, that suit against the State [of Alabama]. . . is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit.  . . . Respondents do not contend that Alabama has consented to this suit, and it appears that no consent could be given under Art. I, sec. 14, of the Alabama Constitution, which provides that "the State of Alabama shall never be made a defendant in any court of law or equity."

<u>Id.</u> at 782.

The courts have recognized two exceptions to Eleventh Amendment immunity: (1) "Congress can abrogate eleventh amendment immunity without the state's consent when it acts pursuant to the enforcement provisions of section 5 of the fourteenth amendment;" or (2) "a state may waive its immunity expressly through legislative enactment."  <u>Carr v. City of Florence, Ala.</u>, 916 F.2d 1521, 1524 (11th Cir. 1990).  Neither of these exceptions applies in this case.  "Congress has not

---

[4] The Eleventh Amendment to the United States Constitution provides that:
> [t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

abrogated eleventh amendment immunity in section 1983 cases," and "[t]he state of Alabama has not waived its immunity." Id. at 1525 (citations omitted). Thus, Plaintiff's action against the State of Alabama is barred by the Eleventh Amendment.

Second, "[s]ection 1983 allows claims against any person who, acting under color of state law, deprives another of a constitutional or federal statutory right." McGinley v. Florida Dep't of Highway Safety & Motor Vehicles, 438 Fed. Appx. 754, 756 (11th Cir. 2011) (unpublished)[5] (citing 42 U.S.C. § 1983). A State, however, "is not a 'person' against whom a § 1983 claim may be brought." Id. (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)); see also Lapides v. Board of Regents of Univ. Sys. of Georgia, 535 U.S. 613, 617 (2002) ("[A] State is not a 'person' against whom a § 1983 claim for money damages might be asserted.") (citations omitted). Hence, Plaintiff's action does not present a valid federal claim against the State of Alabama. Id.

Accordingly, for the reasons set forth above, Plaintiff's claim against the State of Alabama is subject to dismissal pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous. In addition, Plaintiff's § 1983 claim against the State of Alabama fails

---

[5] "Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority." Lanier Constr., Inc. v. Carbone Props. of Mobile, LLC, 253 Fed. Appx. 861, 865 n.5 (11th Cir. 2007) (unpublished).

to state a claim upon which relief may be granted and, thus, is subject to dismissal pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Based on the foregoing, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because Plaintiff's claim in this action is frivolous or fails to state a claim upon which relief may be granted.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection.** Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982) (en banc). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[6] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions

---

[6] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" <u>Fed. R. Civ. P.</u> 72(b)(2).

7

      of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

      A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **Transcript (applicable Where Proceedings Tape Recorded).**  Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

      DONE this 26th day of July, 2012.

                                    s/BERT W. MILLING, JR.
                                    UNITED STATES MAGISTRATE JUDGE